**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| WENDELL HULL | |
| Plaintiff, | 2:22-cv-00019-RWS |
| v. | Civil Action File No. |
| TESFA AGA, DHAB LLC and AMGUARD INSURANCE COMPANY | JURY TRIAL DEMANDED |
| Defendants. | |

1.

This is an action for personal injury damages arising out of a motor vehicle collision that occurred on February 22, 2021 wherein a DHAB LLC tractor-trailer being operated by TESFA AGA collided with a tractor trailer while Plaintiff was asleep in the sleeper berth.

2.

As a result of the subject collision, Plaintiff suffered severe and permanent personal injuries.

**PARTIES, JURISDICTION, and VENUE**

3.

WENDELL HULL is a citizen of Georgia.

4.

Defendant DHAB, LLC ("DHAB") is a foreign limited liability company. Defendant DHAB may be served with process via its registered agent, Abdul Kamalpash, who is located at 206 Spencor Mill Road, Morrisville, North Carolina 27560. Once served with process, Defendant DHAB is subject to the jurisdiction and venue of this Court.

5.

At all relevant times, Defendant DHAB was and is engaged in business as an interstate motor carrier transporting goods and does business in Georgia, including in and through Jackson County.

6.

At all relevant times, Defendant DHAB was a for hire motor carrier authorized by the United States Department of Transportation and the Federal Motor Carrier Safety Administration to operate for profit and transport goods in interstate commerce.

7.

At all times material hereto, Defendant DHAB was and is a motor carrier authorized to operate in the State of Georgia for profit pursuant to one or more permits issued by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

8.

Defendant TESFA AGA, ("AGA") was the driver of the tractor-trailer involved in the subject collision that occurred in Georgia. Defendant AGA resides at 2626 Keziah Road, Matthews, North Carolina 28105. where he may be served with process. Once served, Defendant AGA is subject to the jurisdiction and venue of this Court.

9.

Defendant AMGUARD INSURANCE COMPANY ("AMGUARD INSURANCE") is an insurance corporation that transacts business in the State of Georgia. Defendant AMGUARD INSURANCE can be served with process through its registered agent CT Corporation System, 289 S Culver Street, Lawrenceville, GA 30046-4805. Once served with process, Defendant AMGUARD INSURANCE will be subject to the jurisdiction and venue of this Court.

10.

Once served with process, Defendant AMGUARD will be subject to the jurisdiction and venue of this Court.

11.

The amount in controversy exceeds $75,000 exclusive of interest and costs.

12.

There is complete diversity among the parties and Plaintiff does not reside in the same state as the Defendants.

13.

Defendant is subject to the jurisdiction and venue of this Court pursuant to 28 U.S.C. § 1332, 28 USC § 1391(b), Ga. Const. Art. VI, § 2, ¶ IV, O.C.G.A. § 9-10- 91, O.C.G.A. § 9-10-93, O.C.G.A. § 33-4-1, O.C.G.A. § 14-2-510, O.C.G.A. § 40- 12-3 and other applicable law.

## **FACTS**

14.

The following events took place on February 22, 2021 in the QuikTrip Parking lot at 5240 Highway 129 in Jefferson, Jackson County, Georgia.

15.

AGA was traveling in the parking lot of the QuikTrip when he turned too sharply causing his trailer to impact the tractor Plaintiff was occupying.

16.

AGA was operating a 2016 Freightliner Tractor with a UPS owned trailer attached (the "tractor-trailer").

17.

AGA was traveling at an excessive speed and not paying attention immediately prior to the collision.

18.

AGA was not keeping a proper lookout ahead.

19.

At the same time, Wendell Hull was asleep in the sleeper berth of his 2007 Volvo tractor in the QuikTrip parking lot.

20.

Suddenly and without warning, AGA collided into the tractor Mr. Hull was occupying pushing it into another vehicle.

21.

Due to the force of the impact, WENDELL HULL was thrown from his bed onto the floor of the tractor and suffered serious personal injuries and mental and physical pain as a proximate result of the collision described above.

22.

There was nothing that WENDELL HULL could have or should have done to avoid or minimize the collision.

23.

Defendant AGA was not operating the tractor-trailer in a reasonable and prudent manner.

24.

Defendant AGA is solely responsible for causing the subject collision.

25.

Plaintiff did not cause or contribute to the subject collision.

## CLAIMS
## COUNTS I AND II – NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT AGA

26.

Plaintiff realleges and incorporates herein the allegations contained in the previous paragraphs as if each were fully set forth herein in their entirety.

27.

At all times material hereto, Defendant AGA was a professional driver.

28.

At all times material hereto, Defendant AGA had a commercial driver's license.

29.

At all times material hereto, Defendant AGA was driving a commercial motor vehicle as defined under Georgia law.

30.

At all times material hereto, Defendant AGA was driving a commercial motor vehicle as defined under federal law.

31.

At all times material hereto, Defendant AGA was driving a commercial motor vehicle in interstate commerce.

32.

At all times material to this action, Defendant AGA had a legal duty to adhere to all Georgia traffic laws.

33.

At all times material to this action, Defendant AGA had a legal duty to adhere to Georgia trucking safety regulations.

34.

At all times material to this action, Defendant AGA had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

35.

At all times material to this action, Defendant AGA had a legal duty to adhere to trucking industry standards.

36.

At all times material to this action, Defendant AGA had a duty to operate his commercial vehicle in a safe and prudent manner.

37.

At all times material to this action, Defendant AGA had a duty to abide accordance with his training as a commercial motor vehicle driver and so as not to endanger the lives and welfare of Plaintiffs and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from other vehicles, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

38.

Defendant AGA in the operation of the tractor-trailer did the following among other things:

(a) Failed to keep a proper lookout ahead;

(b) Failed to drive at a safe and reasonable speed under the conditions;

(c) Failed to maintain his lane;

(d) Failed to use proper visual search methods;

(e) Caused contact to occur between his tractor-trailer and the vehicle being occupied by Plaintiff;

(f) Failed to drive defensively;

(g) Failed to operate the tractor-trailer in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiffs in particular, in grave danger;

(h) Failed to adhere to safe driving principles expected of professional drivers;

(i) Failed to operate the tractor-trailer in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

(j) Failed to operate the tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the subject collision; and

(k) Otherwise failed to act reasonably and prudently as a professional driver should under the circumstances.

39.

Defendant AGA breached his duties and was negligent in at least one or more of the respects described above.

40.

Additionally, Defendant AGA conduct violated Georgia law including but not limited to O.C.G.A. § 40-6-48 (failure to maintain lane); O.C.G.A. § 40-6-180 (failing to drive his vehicle at a reasonable and prudent speed under the conditions); O.C.G.A. § 40-6-241 (failing to operate his vehicle with due care);

and O.C.G.A. § 40-6-390 (driving a vehicle in reckless disregard of the safety of persons or property). Each such violation constitutes negligence *per se*.

41.

Defendant AGA was negligent and/or negligent *per se* in the ways described above and was otherwise negligent as shall be added by amendment or proven at trial.

42.

As a direct and proximate result of Defendant AGA' negligence, Plaintiff suffered severe personal injuries.

43.

As a direct and proximate result of Defendant AGA' negligence, Plaintiffs incurred pain and suffering, medical expenses, and lost wages.

44.

Defendant AGA is liable to Plaintiff for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiffs as a direct and proximate result of his negligence.

## COUNT III:  *RESPONDEAT SUPERIOR* AGAINST DEFENDANT DHAB

45.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

46.

At all times material hereto, Defendant AGA was an employee of Defendant DHAB.

47.

At all times material hereto, Defendant AGA was acting within the course and scope of his employment with Defendant DHAB.

48.

At all times material hereto, Defendant AGA was an agent of Defendant DHAB.

49.

At all times material hereto, Defendant AGA was acting within the course and scope of his agency with Defendant DHAB.

50.

At all times material hereto, Defendant AGA was an independent contractor of Defendant DHAB.

51.

At all times material hereto, Defendant AGA was acting within the course and scope of his independent contractor with Defendant DHAB.

52.

At all times material hereto, Defendant AGA was operating a commercial vehicle exclusively controlled by Defendant DHAB.

53.

At all times material hereto, Defendant AGA was operating a commercial vehicle under the motor carrier authority of Defendant DHAB.

54.

At all times material hereto, Defendant AGA was operating a commercial vehicle in furtherance of the business and financial interests of Defendant DHAB.

55.

Defendant DHAB is liable for the negligent actions and omissions of Defendant AGA pursuant to the doctrine of *respondeat superior* and/or the rules of agency.

56.

As a direct and proximate result of Defendant AGA' negligence for which Defendant DHAB is liable, Plaintiffs suffered severe personal injuries.

57.

As a direct and proximate result of Defendant AGA' negligence for which Defendant DHAB is liable, Plaintiffs incurred pain and suffering, medical expenses, and lost wages.

58.

Defendant DHAB is liable to Plaintiffs for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiffs as a direct and proximate result of his negligence.

## COUNT IV:  NEGLIGENCE OF DEFENDANT DHAB

59.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

60.

At all relevant times, Defendant DHAB was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

61.

At all relevant times, Defendant DHAB was a motor carrier as defined by Georgia law.

62.

At all relevant times, Defendant DHAB had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

63.

At all relevant times, Defendant DHAB had a legal duty to comply with Georgia's trucking safety regulations.

64.

At all relevant times, Defendant DHAB had a legal duty to comply with all trucking industry standards and practices.

65.

As an employer and motor carrier, Defendant DHAB had a duty to act in a reasonable manner in connection with the hiring, qualifying, training, entrusting, supervising, and retaining of Defendant AGA.

66.

Defendant DHAB breached the aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising, and retaining Defendant AGA.

67.

As a direct and proximate result of Defendant DHAB'S negligence, Plaintiffs suffered severe personal injuries.

68.

As a direct and proximate result of Defendant DHAB's negligence, Plaintiffs incurred pain and suffering, medical expenses, and lost wages.

69.

Defendant DHAB is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## COUNT V: DIRECT ACTION AGAINST
## AMGUARD INSURANCE COMPANY

70.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

71.

Defendant AMGUARD INSURANCE provided liability coverage for DHAB, AGA, and the tractor-trailer involved in the collision described above.

72.

Defendant AMGUARD INSURANCE was transacting business in the State of Georgia and in Jackson County on the date of the subject collision, and at all material times hereto.

73.

Defendant AMGUARD INSURANCE agreed to provide insurance coverage to AGA and/or DHAB in consideration for the payment of insurance premiums.

74.

Plaintiffs as members of the public injured due to a motor carrier's negligence are third-party beneficiaries to the agreement between Defendant AMGUARD INSURANCE and Defendant DHAB.

75.

Pursuant to O.C.G.A. § 40-1-112 and O.C.G.A. § 40-2-140, Defendant AMGUARD INSURANCE is subject to this Direct action.

76.

Plaintiffs are entitled to receive payments from AMGUARD INSURANCE for the tort liability of Defendant DHAB and/or AGA upon a judgment in this matter.

## COUNT VII: PUNITIVE DAMAGES

77.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

78.

The actions of Defendants AGA and/or DHAB were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

79.

Accordingly, Defendants AGA and/or DHAB are liable to Plaintiffs for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

## **DAMAGES**

80.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

81.

As a proximate result of the negligence of Defendants AGA and/or DHAB, Plaintiffs suffered severe physical injuries.

82.

As a proximate result of the negligence of Defendants AGA and/or DHAB, Plaintiffs have endured and will continue to endure pain and suffering, including but not limited to, actual physical pain and suffering, mental anguish, interference with their normal living, interference with their enjoyment of life, loss of their capacity to labor and earn money, disability, disfigurement, impairment of their body's health and vigor, fear of the extent of their injuries, limitations on their activities, and limitations on their independence.

83.

As a proximate result of the negligence of Defendants AGA and/or DHAB, Plaintiffs have incurred past medical expenses and will continue to incur medical expenses in the future related to this collision.

84.

As a proximate result of the negligence of Defendants AGA and/or DHAB, Plaintiffs incurred lost wages and will continue to incur lost wages in the future.

85.

Defendants are liable to Plaintiffs for all injuries and damages allowed by law including all past and future damages set forth above.

**WHEREFORE**, Plaintiffs pray for the following relief:

(a)     A trial by jury on all issues in this case;

(b)     That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

(c)     That judgment be entered in favor of Plaintiffs and against Defendants;

(d)     That Plaintiffs have and recover all damages for all losses compensable under the law as set forth above including but not limited to past and future special damages, past and future general damages, past and future pain and suffering damages, past and future medical expenses, past and future lost wages, punitive damages, and any other damages allowed by law arising out of the subject collision;

(e)     That service be had on the Defendants as provided by law; and

(f)     For such other and further relief as the Court deems just and proper.

This 2nd day of February 2022

**FRIED GOLDBERG LLC**

_____

**BRAD W. THOMAS**
Georgia Bar No. 704680
ATTORNEY FOR PLAINTIFF

THREE ALLIANCE CENTER
3550 LENOX ROAD, N.E., SUITE 1500
ATLANTA, GEORGIA 30326
TELEPHONE:  404-591-1800
FACSIMILE:   404-591-1801
E-MAIL:    BRAD@FRIEDGOLDBERG.COM